B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>**Northern District of Texas - Fort Worth Division** | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Texas Rangers Baseball Partners** | Name of Joint Debtor (Spouse) (Last, First, Middle):  N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): N/A | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if<br>more than one, state all): 75-2585320 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more<br>than one, state all): N/A |

| Street Address of Debtor (No. and Street, City, and State):<br>**1000 Ballpark Way, Suite 400<br>Arlington, Texas** | Street Address of Joint Debtor (No. and Street, City, and State): N/A |
|---|---|
| ZIP CODE<br>**76011** | N/A  ·  ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Tarrant County, Texas** | County of Residence or of the Principal Place of Business: N/A |
| Mailing Address of Debtor (if different from street address): N/A | Mailing Address of Joint Debtor (if different from street address): N/A |
| ZIP CODE | ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): N/A | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☒ Partnership
- ☐ Other (If debtor is not one of the above
  entities, check this box and state type of
  entity below.)

_____

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in
  11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other
  **Professional Sports Franchise**

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization
  under Title 26 of the United States
  Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which
the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign
  Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign
  Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☐ Debts are primarily consumer
  debts, defined in 11 U.S.C. §
  101(8) as "incurred by an
  individual primarily for a personal,
  family, or household purpose."
- ☒ Debts are primarily business
  debts.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D)
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to
  insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on
  4/01/13 and every three years thereafter).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☒ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of
  creditors, in accordance with 11 U.S.C. § 1126(B).

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only)
  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee
  except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for
  the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for
  distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE
ONLY

Estimated Number of Creditors

| ☐<br>1-49 | ☐<br>50-99 | ☐<br>100-199 | ☒<br>200-999 | ☐<br>1,000-<br>5,000 | ☐<br>5,001-<br>10,000 | ☐<br>10,001-<br>25,000 | ☐<br>25,001-<br>50,000 | ☐<br>50,001-<br>100,000 | ☐<br>Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001 to<br>$1 million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☒<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐<br>$0 to<br>$50,000 | ☐<br>$50,001 to<br>$100,000 | ☐<br>$100,001 to<br>$500,000 | ☐<br>$500,001 to<br>$1 million | ☐<br>$1,000,001<br>to $10<br>million | ☐<br>$10,000,001<br>to $50<br>million | ☐<br>$50,000,001<br>to $100<br>million | ☒<br>$100,000,001<br>to $500<br>million | ☐<br>$500,000,001<br>to $1 billion | ☐<br>More than<br>$1 billion |
|---|---|---|---|---|---|---|---|---|---|

43393628

B1 (Official Form 1) (4/10)

Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Texas Rangers Baseball Partners** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed:   N/A | Case Number: N/A | Date Filed: N/A |
| Location Where Filed:   N/A | Case Number: N/A | Date Filed: N/A |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:   N/A | Case Number: N/A | Date Filed: N/A |
| District: N/A | Relationship: N/A | Judge: N/A |

| **Exhibit A** **NOT APPLICABLE** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b).  X _____N/A_____  Signature of Attorney for Debtor(s)          Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

---

**Exhibit D**

**NOT APPLICABLE**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes)*

**NOT APPLICABLE**

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

43393628

WGM DRAFT
5/21/2010

(Official Form 1) (4/10)

Page 3

| Voluntary Petition<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Texas Rangers Baseball Partners** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>_____<br>   Telephone Number (if not represented by attorney)<br><br>_____<br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>_____<br>   (Printed Name of Foreign Representative)<br><br>_____<br>   Date |

| Signature of Attorney | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>   Signature of Attorney for Debtor(s)<br>   Martin A. Sosland, Esq.<br>   Printed Name of Attorney for Debtor(s)<br>   Weil, Gotshal and Manges LLP<br>   Firm Name<br>   200 Crescent Court, Suite 300<br>   Address<br>   Dallas, Texas 75201<br>   (214) 746-7700<br>   Telephone Number<br>   May 24, 2010<br>   Date<br><br>* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Authorized Individual<br>   Kellie Fischer<br>   Printed Name of Authorized Individual<br>   Chief Financial Officer, Texas Rangers Baseball Partners<br>   Title of Authorized Individual<br>   May 24, 2010<br>   Date | |

Martin A. Sosland (18855645)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777

Ronit J. Berkovich (*pro hac vice* pending)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtor and
Debtor in Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

-------------------------------------------------x
|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| **TEXAS RANGERS BASEBALL PARTNERS,** | : | Case No. 10-_____ (   ) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
-------------------------------------------------x

**LIST OF CREDITORS**
**HOLDING THE 30 LARGEST UNSECURED CLAIMS**

The following is a list of creditors holding the 30 largest unsecured, non-contingent claims against the above-captioned Debtor (the "Debtor"), which commenced a chapter 11 case in this Court on May 24, 2010 (the "Commencement Date"). This list has been prepared on a consolidated basis from the unaudited books and records of the Debtor. The list reflects amounts from the Debtor's books and records as of the Commencement Date. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtor's chapter 11 case. This list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on the Debtor. Moreover, nothing herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name Of Creditor | Name, Telephone Number And Complete Mailing Address, Including Zip Code, Of Employee, Agent, Or Department Of Creditor Familiar With Claim Who May Be Contacted | Nature Of Claim (Trade Debt, Bank Loan, Government Contract, Etc.) | Amount Of Claim (If Secured Also State Value Of Security) |
|---|---|---|---|---|
| 1 | Alex Rodriguez | Alex Rodriguez | Deferred Compensation | $24,892,006.61 |
| 2 | Kevin Millwood | Kevin Millwood | Deferred Compensation | $12,941,419.48 |
| 3 | Michael Young | Michael Young | Deferred Compensation | $3,878,859.33 |
| 4 | Vicente Padilla | Vicente Padilla | Deferred Compensation | $1,695,661.08 |
| 5 | Mickey Tettleton | Mickey Tettleton | Deferred Compensation | $1,417,088.45 |
| 6 | Mark McLemore | Mark McLemore | Deferred Compensation | $970,051.97 |
| 7 | Tickets.Com | Tickets.Com Settlement Account P.O. Box 809634 Chicago, IL 60680-9364 Tel: (714) 327-5625 Fax: (714) 327-5410 | Trade Debt | $61,988.16 |
| 8 | Rawlings Sporting Goods Co., Inc. | Rawlings Sporting Goods Co., Inc. d/b/a The Licensed Products Company P.O. Box 910212 Dallas, TX 75391 Tel: (866) 539-1054 Fax: (636) 349-3588 | Trade Debt | $41,167.79 |
| 9 | Supreme Systems Inc. | Supreme Systems Inc. d/b/a Supreme Roofing Systems P.O. Box 619135 Dallas, TX 75261-9135 Fax: (214) 330-5435 | Trade Debt | $35,106.47 |

| | Name Of Creditor | Name, Telephone Number And Complete Mailing Address, Including Zip Code, Of Employee, Agent, Or Department Of Creditor Familiar With Claim Who May Be Contacted | Nature Of Claim (Trade Debt, Bank Loan, Government Contract, Etc.) | Amount Of Claim (If Secured Also State Value Of Security) |
|---|---|---|---|---|
| 10 | Fastsigns | Fastsigns CJ Taylor Ltd Attn: Chris Taylor 2301 N. Collins #112 Arlington, TX 76011 Fax: (817) 274-3588 | Trade Debt | $28,986.45 |
| 11 | New Era Cap Co. | New Era Cap Co. P.O. Box 054 Acct: 15995 Buffalo, NY 14240 Tel: (800) 989-0445 Fax: (716) 549-5424 | Trade Debt | $28,806.16 |
| 12 | Centennial Moisture Control | Centennial Moisture Control 1780 Hurd Drive Irving, TX 75038 Fax: (214) 352-1306 | Trade Debt | $27,600.48 |
| 13 | KUVN-TV Univision Group | KUVN-TV Univision Group Attn: Accounts Receivable P.O. Box 460788 Houston, TX 77056 Fax: (214) 758-2395 | Trade Debt | $25,517.00 |
| 14 | TM Television | TM Television 2307 Springlake Suite 518 Dallas, TX 75234 Fax: (972) 243-4774 | Trade Debt | $25,429.00 |
| 15 | Weldon, Williams, & Lick, Inc. | Weldon, Williams, & Lick, Inc. P.O. Box 168 Fort Smith, AR 72902-168 Fax: (479) 783-7050 | Trade Debt | $25,183.27 |
| 16 | TVTI | TVTI 2056 NW Aloclek Drive #313 Hillsboro, OR 97124 Fax: (503) 615-6199 | Trade Debt | $23,850.00 |
| 17 | Clear Channel Outdoor | Clear Channel Outdoor P.O. Box 847247 Dallas, TX 75284-7247 Fax: (817) 649-0536 | Trade Debt | $23,000.00 |
| 18 | Melrose Pyrotechnics Inc. | Melrose Pyrotechnics Inc. P.O. Box 302 Kingsbury, IN 46345 Fax: (219) 393-5710 | Trade Debt | $20,000.00 |
| 19 | Stats, Inc. | Stats, Inc. 2775 Shermer Road Northbrook, IL 60062 Fax: (224) 534-2300 | Trade Debt | $19,500.00 |

| | Name Of Creditor | Name, Telephone Number And Complete Mailing Address, Including Zip Code, Of Employee, Agent, Or Department Of Creditor Familiar With Claim Who May Be Contacted | Nature Of Claim (Trade Debt, Bank Loan, Government Contract, Etc.) | Amount Of Claim (If Secured Also State Value Of Security) |
|---|---|---|---|---|
| 20 | Redan Bilingual Media | Redan Bilingual Media 1440 S. Hwy. 121 Ste. 13 Lewisville, TX 75067 Fax: (972) 436-0238 | Trade Debt | $19,000.00 |
| 21 | Bimm Ridder Sportswear | Bimm Ridder Sportswear 817 2nd Avenue SE Cedar Rapids, IA 52403 Fax: (319) 364-7877 | Trade Debt | $17,916.15 |
| 22 | CBS Outdoor | CBS Outdoor P.O. Box 33074 Newark, NJ 07188-0074 Fax: (972) 243-3906 | Trade Debt | $17,768.00 |
| 23 | Paramount Services, Inc. | Paramount Services, Inc. d/b/a Jani-King of Dallas 4535 Sunbelt Drive Addison, TX 75001 Fax: (205) 781-1535 | Trade Debt | $15,847.65 |
| 24 | Gear for Sports, Inc. | Gear for Sports, Inc. 12193 Collection Center Dr. Chicago, IL 60693 Fax: (940) 497-0111 | Trade Debt | $15,297.44 |
| 25 | Team Beans, L.L.C. | Team Beans, L.L.C. Raritan Center Business Park 115 Fieldcrest Ave. Edison, NJ 08837 Fax: (732) 967-9152 | Trade Debt | $11,567.20 |
| 26 | Republic Services | Republic Services d/b/a Duncan Disposal #794 P.O. Box 78829 Phoenix, AZ 85062-8829 Fax: (817) 860-0330 | Trade Debt | $11,120.97 |
| 27 | Stage Effects Engineering, Inc. | Stage Effects Engineering, Inc. 608 General Chennault Street SE Albuquerque, NM 87123 Fax: (505) 271-5900 | Trade Debt | $10,750.00 |
| 28 | KONE Inc. | KONE Inc. P.O. Box 429 Moline, IL 61266-0429 Fax: (469) 549-0594 | Trade Debt | $10,533.79 |
| 29 | American Medical Response Ambulance Services, Inc. | American Medical Response Ambulance Services, Inc. d/b/a American Medical Response P.O. Box 100693 Pasadena, CA 91189-0693 Fax: (298) 235-7585 | Trade Debt | $10,212.50 |

| | Name Of Creditor | Name, Telephone Number And Complete Mailing Address, Including Zip Code, Of Employee, Agent, Or Department Of Creditor Familiar With Claim Who May Be Contacted | Nature Of Claim (Trade Debt, Bank Loan, Government Contract, Etc.) | Amount Of Claim (If Secured Also State Value Of Security) |
|---|---|---|---|---|
| 30 | Buses by Bill, Inc. | Buses by Bill, Inc. 1336 Centerville Road Dallas, TX 75218 Fax: (214) 328-9521 | Trade Debt | $9,964.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

-------------------------------------------------------x
                        :

In re                        :      Chapter 11
                        :

TEXAS RANGERS BASEBALL PARTNERS,   :      Case No. 10-_____( )
                        :

      Debtor.               :
                        :

-------------------------------------------------------x

## DECLARATION CONCERNING THE LIST
## OF CREDITORS HOLDING THE 30 LARGEST UNSECURED CLAIMS

      I, the undersigned authorized officer of Texas Rangers Baseball Partners, named as the debtor in

this case (the "Debtor"), declare under penalty of perjury that I have read the foregoing list of creditors holding the

30 largest unsecured claims against the Debtor and that the list is true and correct to the best of my information and

belief.

Dated:  May 24, 2010

                        /s/
                        By: Kellie Fischer
                        Title: Chief Financial Officer,
                        Texas Rangers Baseball Partners

# UNANIMOUS WRITTEN CONSENT
## OF
## THE PARTNERS
## OF
## TEXAS RANGERS BASEBALL PARTNERS

May 23, 2010

Pursuant to the provisions of the Texas Business Organizations Code of the State of Texas, Rangers Equity Holdings, L.P., a Delaware limited partnership (the "Non-Managing Partner"), and Rangers Equity Holdings GP, LLC, a Texas limited liability company (the "Managing Partner" and, together with the Non-Managing Partner, the "Partners"), being all the partners of Texas Rangers Baseball Partners, a Texas general partnership (the "Partnership"), do hereby consent to, adopt and approve the following resolutions and each and every action effected thereby. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Asset Purchase Agreement (as defined below) and the DIP Credit Agreement (as defined below), as applicable.

1.   Chapter 11 Case.

WHEREAS, the Partners have determined that it is desirable and in the best interests of the Partnership and its creditors, employees, and other interested parties that a petition be filed by the Partnership, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") (such hereinafter being referred to as the "Chapter 11 Case");

WHEREAS, pursuant to Section 4.1(c) of that certain Second Amended and Restated General Partnership Agreement of the Partnership, dated as of June 2, 1999, by and between HSG Sports Group LLC (formerly Hicks Sports Group LLC and Southwest Sports Group LLC), a Texas limited liability company, and HSG Partnership Holdings LLC (formerly SSG Partnership Holdings LLC), a Texas limited liability company, as amended by that certain Partner Substitution Agreement of the Partnership, dated as of August 25, 2008, by and between the Partners, as further amended by that certain First Amendment to Second Amended and Restated General Partnership Agreement of the Partnership, dated as of November 25, 2009, by and between the Partners (the "TRBP Partnership Agreement"), the Office of the Commissioner of Baseball (the "Commissioner") has the sole power and authority to file the Partnership for chapter 11 bankruptcy protection;

WHEREAS, pursuant to that certain letter regarding Amendment to General Partnership Agreement, dated as of May 21, 2010, from the Commissioner to Thomas O. Hicks and HSG Sports Group LLC (formerly Hicks Sports Group LLC), the Commissioner approved that certain Second Amendment to Second Amended and

Restated General Partnership Agreement of the Partnership dated as of May 23, 2010 (the "Second Amendment" and together with the TRBP Partnership Agreement, the "Partnership Agreement") which deleted Section 4.1(c) of the Partnership Agreement in its entirety which required the Commissioner to consent and approve any voluntary bankruptcy filing;

WHEREAS, pursuant to that certain letter regarding Proposed Bankruptcy of Texas Rangers Baseball Partners, dated as of May 23, 2010, the Commissioner waived the rights set forth in Section 6(b) of that certain Amended and Restated Voluntary Support Agreement, dated as of November 25, 2009, by and among the Partnership, the Commissioner and other parties thereto (the "VSA"), with respect to the filing of the Partnership under the Bankruptcy Code; and

WHEREAS, in connection with the Chapter 11 Case, it is proposed that the Partnership enter into that certain Secured Debtor-in-Possession Credit and Security Agreement (the "DIP Credit Agreement"), among the Partnership and Baseball Finance LLC, a Delaware limited liability company, and the related Notes, Security Documents and other documents, instruments and certificates to be negotiated and approved by the Partnership in connection with the DIP Credit Agreement (each, together with the DIP Credit Agreement, being a "Loan Document", and collectively, the "Loan Documents").

NOW, THEREFORE, BE IT RESOLVED, that the Chairman of the Board, the President, any Executive Vice President, Vice President, Chief Executive Officer, Chief Financial Officer, Secretary and Assistant Secretary of any of the Partners or the Partnership (each a "Proper Officer", and collectively the "Proper Officers"), any one of whom may act individually without the joinder of any of the others, are hereby authorized, empowered and directed, in the name and on behalf of the Partnership, to negotiate and prepare, as necessary, all documents, solicit all votes and consents, and execute and file all petitions, motions, lists, applications, pleadings and other papers, including any schedules and exhibits thereto and any amendments thereof, on behalf of the Partnership, to commence the Chapter 11 Case, and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, at such time as the Proper Officer executing the petition shall determine, including but not limited to the proposed Prepackaged Plan of Reorganization and related disclosure statement.

RESOLVED FURTHER, that (i) the execution, delivery and performance of the DIP Credit Agreement, the Notes, the Security Documents and any other Loan Documents to provide debtor-in-possession financing in the form of multiple draw term loans and other extensions of credit in such aggregate principal amounts specified therein, are authorized and approved in every respect, (ii) each transaction effected or to be effected pursuant to the terms and provisions of each of the Loan Documents, including borrowings contemplated thereby and the granting of the security interests thereunder, is authorized and approved in every respect as being in the best interest of the Partnership, and (iii) the Partnership shall enter into each of the Loan Documents and consummate the transactions contemplated thereby.

RESOLVED FURTHER, that each Proper Officer, any one of whom may act individually without the joinder of any of the others, be, and each hereby is, authorized, empowered and directed to execute, deliver and perform or cause the performance of the Loan Documents to be negotiated and approved by the Partnership (including, in connection therewith, loan guarantees, notes, security agreements and other agreements, certificates, documents or instruments as appropriate), and any subsequent amendments or modifications thereto, in such aggregate principal amounts and on such terms and conditions as the Partnership may deem necessary, proper, desirable or advisable, the execution, certification, delivery, filing and recording of such agreements, documents and instruments and the taking of such action to be the conclusive evidence of the authority therefore granted.

RESOLVED FURTHER, that the law firm of Weil, Gotshal & Manges LLP be, and hereby is, engaged as legal counsel for the Partnership under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED FURTHER, that the law firm of Forshey & Prostok LLP, be, and hereby is, engaged as conflicts counsel for the Partnership under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED FURTHER, that the firm of Perella Weinberg Partners LP be, and hereby is, engaged as financial advisor for the Partnership under a general retainer in the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED FURTHER, that any Proper Officer be, and hereby is, authorized, empowered, and directed to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, in order to effectuate and consummate the Chapter 11 Case, subject to any requisite bankruptcy court approval.

RESOLVED FURTHER, that each Proper Officer, any one of whom may act without the joinder of any of the others, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Partnership to: (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required in order to effectuate and consummate the Chapter 11 Case or as such Proper Officer deems appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in such form and substance as such Proper Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Proper Officer may approve, with the execution and delivery thereof by or at the direction of such Proper Officer to constitute evidence of such approval; (ii) negotiate, execute, deliver and/or file any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such Proper Officer deems appropriate or advisable in connection therewith; (iii) to take such additional action from time to time and execute,

certify, deliver, file and record with the appropriate judicial, public and governmental authorities or any other persons or entities from time to time such additional documents, instruments and agreements, including, without limitation, Uniform Commercial Code financing statements, intellectual property recordations, any amendment, extension, waiver or consent in connection with the Loan Documents, as any such Proper Officer may deem appropriate or desirable to implement the provisions of the foregoing resolutions and the Loan Documents authorized and approved thereby, the execution, certification, delivery, filing and recording of such agreements, documents and instruments and the taking of such action to be the conclusive evidence of the authority therefore granted; (iv) execute, authorize, approve and adopt any consent or resolution on behalf of the Partnership; and (v) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate and consummate the Chapter 11 Case and in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby.

2.     Asset Purchase Agreement.

WHEREAS, in connection with the Chapter 11 Case, it is proposed the Partnership enter into that certain Asset Purchase Agreement (the "Asset Purchase Agreement"), by and between the Partnership and Rangers Baseball Express LLC, a Delaware limited liability company ("Baseball Express", and collectively with one or more of its direct or indirect wholly-owned subsidiaries that Baseball Express designates as its permitted assignee pursuant to the terms of the Asset Purchase Agreement, "Purchasers"), substantially in the form attached hereto as Exhibit A, in order to effect the sale of the Business, Purchased Assets and Assumed Liabilities and the other transactions, each as contemplated in the Asset Purchase Agreement (collectively, the "Sale Transaction"); and

WHEREAS, the Partners have deemed the (i) execution and delivery of the Asset Purchase Agreement and (ii) consummation of the Sale Transaction to be advisable and in the best interests of the Partnership.

NOW, THEREFORE, BE IT RESOLVED, that the terms and provisions of the Asset Purchase Agreement, the execution and delivery thereof by any Proper Officer on behalf of the Partnership, in substantially the form attached hereto as Exhibit A, the consummation of the Sale Transaction and the other transactions contemplated thereby, the performance of the Partnership's obligations contemplated thereunder (including the execution, delivery and performance of all agreements, documents or instruments which are required to be executed by any Proper Officer on behalf of the Partnership pursuant to the Asset Purchase Agreement or which are otherwise related thereto (each, an "APA Ancillary Document" and collectively, the "APA Ancillary Documents")), including but not limited to all certificates, notices, and other documents and agreements constituting exhibits to or required by the Asset Purchase Agreement or otherwise related thereto or necessary, appropriate or advisable to consummate the other transactions contemplated thereby are hereby authorized and

approved, and the Proper Officers, any one of whom may act individually without the joinder of any of the others, are hereby authorized, empowered and directed, in the name and on behalf of the Partnership, to execute and deliver the Asset Purchase Agreement and each APA Ancillary Document and any amendment thereto in form and substance and with such changes therein and additions thereto as any such Proper Officer on behalf of the Partnership in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Asset Purchase Agreement and each APA Ancillary Document by any such Proper Officer in form and substance and with any changes thereto to be conclusive evidence that such Proper Officer deemed the form and substance and any such changes to meet such standard.

RESOLVED FURTHER, that the signature of any Proper Officer to the Asset Purchase Agreement and the APA Ancillary Documents shall be conclusive evidence of the authority of such Proper Officer to execute and deliver the Asset Purchase Agreement and the Ancillary Documents on behalf of the Partnership.

RESOLVED FURTHER, that the Proper Officers, are hereby authorized, in the name and on behalf of the Partnership, to take all actions (including, without limitation, (i) the execution and delivery of additional instruments or documents, (ii) the negotiation of the form and substance and the modification or amendment of any of the terms and conditions of the Asset Purchase Agreement and the APA Ancillary Documents (whether prior to or after the occurrence of the Closing Date) and (iii) the payment of expenses and taxes, as any such Proper Officer, in his or her sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Proper Officer deemed the same to meet such standard) in order to effect the transactions contemplated under the Asset Purchase Agreement and the APA Ancillary Documents, provided that such Proper Officers be, and each hereby is, authorized and empowered to waive, in his, her or their discretion, as the case may be, any condition or conditions to the obligations of the Partnership to consummate the transactions contemplated above or any related agreements or instruments.

RESOLVED FURTHER, that each Proper Officer, any one of whom may act individually without the joinder of any of the others, be, and is hereby authorized, in the name and on behalf of the Partnership, to prepare any amendments, waivers, or consents under the Asset Purchase Agreement and the APA Ancillary Documents to which the Partnership is a party as may be necessary, advisable or appropriate at any time from time to time, which amendments, waivers or consents may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and that each Proper Officer be, and hereby is, authorized, in the name and on behalf of the Partnership, to execute and deliver such amendments, waivers or consents under such agreements or documents as such Proper Officer shall deem to be necessary, advisable or appropriate, such execution and delivery by such Proper Officer to constitute conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof.

3.      <u>Minor League Benefit Plans</u>.

WHEREAS, pursuant to and in accordance with the Asset Purchase Agreement, Purchasers are adopting the following plans and related trusts, effective as of the Closing Date, for the benefit of Rangers Employees who are minor league ballplayers who have accrued benefits under such plans as maintained by Sellers or Former Rangers Employees who have accrued benefits under such plans: the Minor League Players Pension Plan, the MLB College Scholarship Program and the Minor League Players Health and Welfare Plan (the "<u>Transferred Benefit Plans</u>"); and

WHEREAS, the Partnership desires to transfer to Purchasers all right, title, interest, duties and authorities of the Partnership in, to and under the Transferred Benefit Plans and related trusts.

NOW THEREFORE BE IT RESOLVED, that effective as of the Closing Date the Transferred Benefit Plans and related trusts, including all assets and liabilities thereof, and all right, title, interest, duties and authorities of the Partnership under the Transferred Benefit Plans and related trusts, are hereby transferred to and assumed by Purchasers.

RESOLVED FURTHER, that the Proper Officers, any one of whom may act individually without the joinder of any of the others, be, and hereby is, authorized and directed, in the name and on behalf of the Partnership, to take or cause to be taken all such further actions, including, without limitation, signing, executing, acknowledging, certifying, attesting, delivering, accepting, recording and filing all such further documents, certificates and instruments and paying all fees, taxes and other expenses or payments, in each case as such Proper Officer, in such Proper Officer's sole discretion, may determine to be necessary, appropriate or desirable in order to fulfill the intent and accomplish the purposes of the foregoing resolutions, such determination to be conclusively evidenced by the taking of any such further action.

4.      <u>Related Agreements</u>.

WHEREAS, in connection with the Chapter 11 Case, it is proposed that the Partnership enter into that certain Interim Agreement (the "<u>Interim Agreement</u>"), by and between the Partnership and the Commissioner;

WHEREAS, in connection with the Chapter 11 Case, it is proposed that the Partnership enter into that certain Interim Support Agreement (the "<u>Interim Support Agreement</u>"), by and between the Partnership and the Commissioner;

WHEREAS, in connection with the Chapter 11 Case, it is proposed that the Partnership enter into that certain Second and Amended Voluntary Support Agreement (the "<u>Amended and Restated VSA</u>" and together with the Interim Agreement, and the Interim Support Agreement, the "<u>Related Agreements</u>"), by and among the Commissioner, the Partnership and certain other parties thereto; and

WHEREAS, the Partners have deemed the execution and delivery of the Related Agreements to be advisable and in the best interests of the Partnership.

NOW, THEREFORE, BE IT RESOLVED, that the terms and provisions of the Related Agreements, the execution and delivery thereof by any Proper Officer on behalf of the Partnership, in substantially the forms attached hereto as Exhibit B, the performance of the Partnership's obligations contemplated thereunder (including the execution, delivery and performance of all agreements, documents or instruments which are required to be executed by any Proper Officer on behalf of the Partnership pursuant to the Related Agreement or which are otherwise related thereto (each, an "Related Ancillary Document" and collectively, the "Related Ancillary Documents")), including but not limited to all certificates, notices, and other documents and agreements constituting exhibits to or required by the Related Agreement or otherwise related thereto or necessary, appropriate or advisable to consummate the other transactions contemplated thereby are hereby authorized and approved, and the Proper Officers, any one of whom may act individually without the joinder of any of the others, are hereby authorized, empowered and directed, in the name and on behalf of the Partnership, to execute and deliver the Related Agreement and each Related Ancillary Document and any amendment thereto in form and substance and with such changes therein and additions thereto as any such Proper Officer on behalf of the Partnership in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Related Agreement and each Related Ancillary Document by any such Proper Officer in form and substance and with any changes thereto to be conclusive evidence that such Proper Officer deemed the form and substance and any such changes to meet such standard.

RESOLVED FURTHER, that the signature of any Proper Officer to the Related Agreement and the Related Ancillary Documents shall be conclusive evidence of the authority of such Proper Officer to execute and deliver the Related Agreement and the Related Ancillary Documents on behalf of the Partnership.

RESOLVED FURTHER, that the Proper Officers, are hereby authorized, in the name and on behalf of the Partnership, to take all actions (including, without limitation, (i) the execution and delivery of additional instruments or documents, (ii) the negotiation of the form and substance and the modification or amendment of any of the terms and conditions of the Related Agreement and the Related Ancillary Documents (whether prior to or after the occurrence of the Closing Date and (iii) the payment of expenses and taxes) as any such Proper Officer, in his or her sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Proper Officer deemed the same to meet such standard) in order to effect the transactions contemplated under the Related Agreement and the Related Ancillary Documents, provided that such Proper Officers be, and each hereby is, authorized and empowered to waive, in his, her or their discretion, as the case may be, any condition or conditions to the obligations of the Partnership to consummate the transactions contemplated above or any related agreements or instruments.

RESOLVED FURTHER, that each Proper Officer, any one of whom may act individually without the joinder of any of the others, be, and is hereby authorized, in the name and on behalf of the Partnership, to prepare any amendments, waivers, or consents under the Related Agreement and the Related Ancillary Documents to which the Partnership is a party as may be necessary, advisable or appropriate at any time from time to time, which amendments, waivers or consents may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and that each Proper Officer be, and hereby is, authorized, in the name and on behalf of the Partnership, to execute and deliver such amendments, waivers or consents under such agreements or documents as such Proper Officer shall deem to be necessary, advisable or appropriate, such execution and delivery by such Proper Officer to constitute conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof.

5.    <u>Ratification of Past Actions</u>.

RESOLVED, that any actions taken by any Proper Officer on behalf of the Partnership, prior to the date of these resolutions that would have been authorized by these resolutions except for the fact that such actions were taken prior to the date of these resolutions be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of the Partnership.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent as of the date first set forth above.

**RANGERS EQUITY HOLDINGS GP, LLC**

By:

Name:   Kellie L. Fischer

Title:   Chief Financial Officer and Secretary

**RANGERS EQUITY HOLDINGS, L.P.**

By:  HSG Partnership Holdings LLC,
      its general partner

By:

Name:   Kellie L. Fischer

Title:   Vice President and Secretary

[SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF THE PARTNERS OF TRBP]

**<u>Exhibit A</u>**

<u>Asset Purchase Agreement</u>

[Exhibit Omitted]

**Exhibit B**

Related Agreements

[Exhibit Omitted]

*Office of the Commissioner*
# MAJOR LEAGUE BASEBALL



**ALLAN H. (BUD) SELIG**
*Commissioner of Baseball*

May 24, 2010

Mr. Thomas O. Hicks
Texas Rangers
1000 Ballpark Way; Suite 400
Arlington, Texas 76011

Re: <u>Proposed Bankruptcy of Texas Rangers Baseball Partners</u>

Dear Tom:

You have advised me that Texas Rangers Baseball Partners ("TRBP") intends to file voluntarily for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Filing") in order to consummate a plan of reorganization, substantially in the form attached as Exhibit A hereto (together with the Bankruptcy Filing, the "Plan"), which provides principally for the sale of the Texas Rangers Major League Baseball Club and certain related assets to, and the assumption of certain liabilities by, Rangers Baseball Express LLC ("RBE") pursuant to the terms of that certain Asset Purchase Agreement, to be executed in connection with the filing of the Plan, by and between TRBP and RBE (the "Transaction"). You have also advised me that the Plan provides for the payment in full of all creditors of TRBP.

Having determined that the Transaction is in the best interests of Baseball, I have no objection to the Plan and, to the extent applicable, I, on behalf of the Office of the Commissioner of Baseball, hereby waive the rights set forth in Section 6(b) of that certain Amended and Restated Voluntary Support Agreement, dated as of November 25, 2009, by and among you and your affiliates and the Office of the Commissioner of Baseball, with respect to the Bankruptcy Filing.

In addition, I intend to recommend approval of the Transaction to all of the MLB Clubs and convene a meeting of the MLB Clubs pursuant to the Major League Constitution at the appropriate point in the process.

Sincerely,

Allan H. Selig
Commissioner of Baseball

cc: Robert DuPuy
    John McHale
    Jonathan Mariner
    Thomas Ostertag
    Christopher Brumm
    Jordan Yarett
    Glenn West

777 E. Wisconsin Avenue
Suite 3060
Milwaukee, WI 53202
(414) 225-8900  /  Fax (414) 225-8910