IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

-------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11**
                                              :
**TEXAS RANGERS BASEBALL PARTNERS,**          :    Case No. 10-43400 (DML)
                                              :
**Debtor.**                                   :
                                              :
-------------------------------------------------------------x

## DECLARATION OF JEFF PROSTOK AND DISCLOSURE STATEMENT OF FORSHEY & PROSTOK, LLP IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND RETAIN FORSHEY & PROSTOK, LLP AS SPECIAL CONFLICTS COUNSEL FOR THE DEBTOR

Jeff Prostok, makes this declaration under 28 U.S.C. § 1746, and states:

1. I am a member of the firm of Forshey & Prostok, LLP ("F&P" or the "Firm"), a law firm with its offices at 777 Main Street, Suite 1290, Fort Worth, Texas 76102. I am admitted to practice before the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas. I am a member in good standing of the Bar of the State of Texas.

2. I submit this Declaration to provide the disclosure required under rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the application (the "Application"), dated June 3, 2010, of the above-captioned debtor and debtor in possession (the "Debtor") for approval of the Debtor's retention of F&P as special conflicts counsel in the above-captioned chapter 11 case (the "Chapter 11 Case") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"). Unless otherwise stated in

this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon F&P's completion of further review or as additional party in interest information becomes available to it, I will submit a supplemental declaration to the Court reflecting such amended or modified information.

3. Neither I, F&P, nor any member, counsel to, or associate of the Firm represents any entity other than the Debtor in connection with this Chapter 11 Case. In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, F&P, nor any member, counsel to, or associate of the Firm represents any party in interest in the Chapter 11 Case in matters related to the Chapter 11 Case.

4. Attached as Exhibit 1 hereto is a schedule identifying and describing all presently known connections and relationships, in addition to those described herein, between F&P, on the one hand, and the Debtor's creditors, equity holders, insiders and other parties in interest, on the other hand. In preparing the foregoing schedule, F&P performed a review of the connections and relationships between F&P and the Debtor's known secured creditors, the Debtor's thirty largest unsecured creditors (on a consolidated basis) and the Debtor's officers, directors and significant shareholders, as well as other parties in interest with respect to the Chapter 11 Case. In conducting this review, F&P searched its database of clients and opposing parties for the names of the foregoing parties. In light of the extensive number of creditors and other parties in interest, F&P has been unable to conclusively identify all potential relationships. To the extent that F&P becomes aware of any additional relationships, F&P will promptly file a supplemental declaration.

5.  F&P is a mid-size firm with offices in Fort Worth, Texas. As set forth herein or in Exhibit 1 hereto, F&P has represented, currently represents and may in the future represent various creditors, equity holders, insiders and other parties in interest in matters unrelated to the Debtor and this Chapter 11 Case.

6.  Based upon the information available to me, after following the procedures described herein, and except as otherwise described herein or on Exhibit 1, F&P holds no interest adverse as to the Debtor with respect to the matters for which it is to be employed. Accordingly, I submit that F&P is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

**Representation of the Debtor**

7.  F&P has not represented the Debtor prior to the commencement of this Chapter 11 Case.

**Representation of Parties-In-Interest**

8.  To best of my knowledge and belief after a reasonable inquiry, F&P has not previously represented any party-in-interest other than those listed on Exhibit 1 attached hereto. All of F&P's representations of the parties on Exhibit 1 were in connection with matters wholly unrelated to the Debtor and this Chapter 11 Case.

**Professional Compensation**

9.  F&P has not received any payment for professional services rendered or expenses incurred on behalf of the Debtor.

10.  It is contemplated that F&P's post-petition services for the Debtor will be compensated at the Firm's regular hourly rates for similar services, and the Firm

15

will be reimbursed for all reasonable and necessary expenses pursuant to the provisions of sections 330 and 331 of the Bankruptcy Code. F&P's current customary hourly rates for attorneys and paraprofessionals are as follows:

| | |
|---|---|
| Partners: | $475 per hour; |
| Counsel: | $250 to $375 per hour; |
| Attorneys: | $195 to $350 per hour; and |
| Paraprofessionals: | $125 to $175 per hour. |

These rates are subject to periodic change in the ordinary course of business. F&P also charges its clients in all areas of practice for expenses incurred in connection with each client's case.

11. No promises have been received by F&P or any partner, counsel, associate or professional of F&P, as to payment or compensation in connection with this Chapter 11 Case in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of the Court. F&P has no agreement with any other entity to share with such entity any compensation received by F&P, except as permitted under section 504(b)(1) of the Bankruptcy Code.

12. F&P intends to apply for compensation for professional services to be rendered in connection with this Chapter 11 Case and for reimbursement of expenses incurred, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

### Coordination with Other Professionals for the Debtor

13. F&P is aware that the Debtor has submitted applications to retain Weil Gotshal & Manges LLP as counsel for the Debtor and Perella Weinberg Partners LP as financial advisor to the Debtor. F&P intends to carefully monitor and coordinate efforts of all professionals retained by the Debtor in the Chapter 11 Case and will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible.

14. The foregoing constitutes the statement of F&P pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

15. Based upon the foregoing, I respectfully submit that the requirements for F&P's retention as special conflicts counsel for the Debtor have been met.

16. I declare under penalty of perjury that, to the best of my knowledge, and after reasonable inquiry, the foregoing is true and correct.

Executed this 3rd day of June, 2010.

Jeff Prostok, Esq. (16352500)
Forshey & Prostok, LLP

# Exhibit 1

**Connections between F&P and the Debtor's Creditors,
Equity Holders, Insiders, and Other Parties in Interest**

| Matched Entity | Relationship to Debtor | Relationship to F&P |
|---|:---:|:---:|
| Flowserve Corporation | Suiteholder | Former Client |
| FL Motheral Co. | Unsecured Creditor | Current Client |
| XTO Energy | Suiteholder | Current Client |