# EXHIBIT C

**4/30/10 Letter from Bud Selig, Commissioner of Baseball, to JP Morgan Chase Bank N.A. and GSP Finance LLC**


April 30, 2010

JP Morgan Chase Bank N.A.
270 Park Avenue
New York, NY 10022

GSP Finance LLC
6 East 43rd Street, 19th Floor
New York, NY 10022

**Re: <u>*Sale of Texas Rangers*</u>**

Dear Sirs and Madams:

     I write in regard to the Texas Rangers sale process. I am extremely disappointed to learn that, in violation of your contractual obligations, you have refused to consent to the proposed sale, which I regard as in the best interests of Baseball.

     I understand that you act as Administrative Agents for the Amended and Restated First Lien Credit and Guaranty Agreement, dated December 19, 2006, among Hicks Sports Group LLC, Hicks Sports Group Holdings LLC, certain subsidiaries of Hicks Sports Group LLC, as guarantors, the various lenders thereunder, JP Morgan Securities, Inc, Barclays Capital Inc. and JP Morgan Chase Bank, N.A and the Second Lien Credit and Guaranty Agreement, dated December 19, 2006, among Hicks Sports Group LLC, Hicks Sports Group Holdings LLC, certain subsidiaries of Hicks Sports Group LLC, as guarantors, the various lenders thereunder, JP Morgan Securities Inc, Barclays Capital, Inc. and Barclays Bank PLC (together the "Credit Agreements," and all of the lenders thereunder, the "Lenders").

     I wish to advise you that the parties to the Asset Purchase Agreement dated January 23, 2010 (the "APA") have represented to me that they are prepared to close the transaction set forth therein (the "Transaction") by no later than May 20, 2010 (the "Closing"). For the reasons set forth below, I seek confirmation of the Lenders' consent to the Transaction and the Lenders' agreement to release the Lenders' liens on the assets being sold in connection with the Closing.

As you know, Hicks Sports Group Holdings LLC, Hicks Sports Group, HSG Partnership Holdings LLC, Thomas O. Hicks, Rangers Equity Holdings L.P. and Rangers Equity Holdings GP, LLC selected Rangers Baseball Express LLC ("RBE") as the successful bidder for the purchase of the Texas Rangers Major League Baseball Club (the "Rangers") on December 15, 2009. That selection followed an open, thorough and vigorous bidding process that started in June 2009, during which numerous groups of interested bidders performed diligence on the Rangers. In November 2009, three parties chose to submit bids. Considerable back and forth took place between the competing bidders and the Hicks parties, and the Hicks parties made a careful and deliberate decision in favor of Rangers Baseball LLC after a second round of bidding had been concluded. The Lenders were kept fully apprised of this process and offered a chance to participate in the negotiations once a bidder was selected. As you also know, on January 16, 2010, Major League Baseball ("MLB") assumed control of the sale process in accordance with MLB Documents (as such term is defined in the Credit Agreements) and authorized the Hicks parties to conclude their negotiations with RBE and execute and deliver the APA, which provides a fair value to the Rangers. I intend to recommend approval of this Transaction to all of the MLB Clubs at the earliest opportunity.

The APA contemplates that the Lenders will cooperate with the Transaction. I understand that after the satisfaction of virtually all other conditions to the Transaction, the Hicks parties approached you, as the Administrative Agents, for consent to the Transaction and were willing to close the Transaction at a price that would have provided the Lenders with proceeds in the range anticipated by MLB, which has been consistently communicated to you. I further understand that considerable dialogue between the parties to the APA has not yet resulted in the Lenders' consent to, and agreement to cooperate in the completion of, the Transaction, including the release of the Lenders' liens on the assets being sold at Closing. This is extremely unfortunate and inconsistent with your obligations under the Credit Agreements.

I expect Lender consent and full cooperation with the Closing of the Transaction. In that regard, I call your attention to Sections 10.23(b) and 10.23(d) of each of the First Lien Credit Agreement and the Second Lien Credit Agreement, which you agreed to in making the loan to the Hicks parties. Section 10.23(b) provides in pertinent part that a transfer of a controlling interest in the Rangers is subject to the vote of the MLB Clubs in their "absolute discretion" and that "[e]ach of the Lenders acknowledges 'the best interests of baseball' powers held by the Commissioner under the Major League Constitution." Section 10.23(d) further subjects the "rights" and "exclusivities" (which include any Lender consent right over the Transaction) granted by the Rangers to the Lenders to agreements entered into by or on behalf of any of the MLB Entities or the MLB Clubs acting collectively, as well as any directive issued or adopted by the Commissioner or the MLB Entities, so long as the foregoing would not result in the subordination of any of the Lenders' security interests.

I believe that the prompt closing of the Transaction (and, given the process conducted by the Hicks parties and the severe liquidity and other constraints under which the Rangers presently operate, no other transaction with any other putative bidder) is in the best interests of the Rangers and in the best interests of Baseball. I expect the Lenders to honor their contractual obligations—which require them to respect any action taken by the Commissioner in the best interests of Baseball—and in doing so, to consent to the Transaction and to release their liens at the Closing. Further, because MLB and the Commissioner are intended third party beneficiaries of the Credit Agreements, they, in addition to the borrowers, have the right to enforce Sections 10.23(b) and (d), should circumstances require. For these reasons, I request confirmation from the Lenders, on or before 5:00 PM, Eastern Time, Tuesday, May 4, 2010, that the Lenders consent to the Transaction and release their liens in connection with the Closing as the Credit Agreements require.

Finally, MLB expressly reserves all of its rights and remedies in respect of this matter generally and against the Lenders particularly, should the Lenders refuse to provide the requested confirmation of the Lenders' consent to the Transaction and agreement to release their liens at the Closing by 5:00 PM, Eastern Time, Tuesday, May 4, 2010.

I look forward to your prompt response.

Sincerely,

Allan H. Selig
Commissioner of Baseball
Major League Baseball