IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---------------------------------------------------------------x
:
In re                                                           :        Chapter 11
                                                                :
TEXAS RANGERS BASEBALL PARTNERS,       :        Case No. 10-43400-DML-11
                                                                :
                                                                :
      Debtor.                                                 :
---------------------------------------------------------------x
                                                                :
In re                                                           :
                                                                :        Chapter 11
RANGERS EQUITY HOLDINGS, L.P.,             :
                                                                :        Case No. 10-43624-DML-11
                                                                :
      Debtor.                                                 :
---------------------------------------------------------------x
In re                                                           :
                                                                :
RANGERS EQUITY HOLDINGS, G.P., LLC,    :        Chapter 11
                                                                :
                                                                :        Case No. 10-43625-DML-11
      Debtor.                                                 :
---------------------------------------------------------------x

**MOTION OF RANGERS EQUITY HOLDINGS, L.P. AND RANGERS EQUITY
HOLDINGS GP, LLC PURSUANT TO 11 U.S.C. § 363(B) OF THE BANKRUPTCY
CODE FOR AUTHORITY TO FILE MOTION FOR
<u>SUBSTANTIVE CONSOLIDATION</u>**

Rangers Equity Holdings, L.P. ("**Rangers Equity LP**") and Rangers Equity Holdings GP LLC ("**Rangers Equity GP**," together with Rangers Equity LP, "**Rangers Equity Owners**"), by and through William Snyder, their Chief Restructuring Officer (the "**CRO**"), hereby file this Motion (the "**Motion**") Pursuant to 11 U.S.C. § 363(b) of the Bankruptcy Code for Authority to File Motion for Substantive Consolidation (the "**Substantive Consolidation Motion**"), and respectfully show as follows:

- 1 -

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This Motion concerns the administration of the estate; and therefore, it is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## II. FACTUAL BACKGROUND

3. Rangers Equity LP, a Delaware limited partnership, holds a 99% partnership interest in TRBP, and Rangers Equity GP, a Texas limited liability company, holds a 1% partnership interest in TRBP. Rangers Equity GP is a wholly-owned subsidiary of Rangers Equity LP. Both Rangers Equity LP and Rangers Equity GP are holding companies with no operating assets and are indirect, wholly-owned subsidiaries of Hicks Sports Group, LLC ("HSG"). HSG is a sports and entertainment holding company, which is an affiliate of, and indirectly controlled by Thomas O. Hicks. See Amended Disclosure Statement Relating to the Amended Prepackaged Plan of Reorganization for Texas Rangers Baseball Partners Under Chapter 11 of the Bankruptcy Code (the "**Disclosure Statement**"), pg. 2.

4. TRBP's managing partner, Rangers Equity LP, acts on behalf of TRBP with respect to the business of TRBP. There is complete overlap between the owner, officers and directors of TRBP, Rangers Equity LP and Rangers Equity GP. Mr. Hicks is the Chairman of the Board and Chief Executive Officer of TRBP, Rangers Equity GP and Rangers Equity LP. Mr. Hicks also serves as the Chairman of the Board, President and Chief Executive Officer of HSG, HSG Sports Group Holdings LLC, and HSG Partnership Holdings LLC. Mr. Lynn Nolan Ryan, Jr. is the President of both TRBP and Rangers Equity LP. Ms. Kellie L. Fischer is the Chief Financial Officer and Secretary of TRBP, Rangers Equity LP and Rangers Equity GP, the Executive Vice President and Assistant Secretary of HSG and Vice President and Assistant

Secretary of HSG Partnership Holdings LLC. Id. at pgs. 2-4.

5. TRBP is a limited guarantor under (i) that certain Amended and Restated First Lien Credit and Guaranty Agreement, dated as of December 19, 2006 (the "**First Lien Credit Agreement**"), by and among HSG Sports Group Holdings LLC, a Texas limited liability company ("**HSGH**"), HSG, certain subsidiaries of HSG as guarantors, including Rangers Equity LP and Rangers Equity GP, and the lenders party thereto (the "**First Lien Lenders**"), with JP Morgan Chase Bank, N.A. as administrative and collateral agent (the "**First Lien Agent**"), and (ii) that certain Second Lien Credit and Guaranty Agreement, dated as of December 19, 2006 (the "**Second Lien Credit Agreement**"), by and among HSGH, HSG, certain subsidiaries of HSG, as guarantors, including Rangers Equity LP and Rangers Equity GP, and the lenders party thereto (the "**Second Lien Lenders**" together with the First Lien Lenders, the "**Lenders**"), with GSP Finance LLC as administrative and collateral agent (the "**Second Lien Agent**"). TRBP's obligations under the First Lien Credit Agreement and the Second Lien Credit Agreement are each limited to a maximum aggregate amount of $75 million (the "**TRBP Guaranty Cap**"). Id. at 4.

6. On May 24, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in order to effectuate a pre-arranged sale of the Rangers. That same day, the Debtor filed its Prepackaged Plan of Reorganization of Texas Rangers Baseball Partners Under Chapter 11 of the Bankruptcy Code. The day before filing its bankruptcy petition, on May 23, 2010, the Debtor entered into the APA with Rangers Baseball Express LLC ("**RBE**").

7. On May 28, 2010, involuntary petitions for relief were filed against the Rangers Equity LP and Rangers Equity GP and those entities consented to the entry of orders for relief (the "**Equity Bankruptcy Cases**").

8. On June 25, 2010, the Debtor filed its Second Amended Prepackaged Plan of Reorganization (the "**Plan**").

9. On June 28, 2010, this Court appointed Mr. William Snyder as the Chief Restructuring Officer over the Equity Bankruptcy Cases. Mr. Snyder continues to serve in this role and as such, holds the power to, inter alia, operate and manage the Equity Bankruptcy Cases pursuant to the engagement letter between him and the Rangers Equity Owners and the Court's Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code Authorizing Debtor to Employ and Retain CRG Partners Group LLC to Provide the Debtors A Chief Restructuring Officer and Additional Personnel and (b) to Designate William Snyder as the Chief Restructuring Officer, entered on June 28, 2010.

### III. RELIEF REQUESTED

10. By this Motion, Rangers Equity Owners request, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, an order authorizing Rangers Equity Owners to file the Substantive Consolidation Motion, attached hereto as Exhibit A, seeking substantive consolidation of the Equity Bankruptcy Cases with the Debtor's bankruptcy case.

### IV. AUTHORITY

**A. Filing the Complaint is a Proper Exercise of Mr. Snyder's Business Judgment**

11. Section 363(b) of the Bankruptcy Code provides that "the [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. § 363(b). A court should approve a request for relief under section 363 of the Bankruptcy Code where the debtor demonstrates a sound business justification for seeking such relief. In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him a good business reason to grant the application"); accord In re Continental Air Lines,

Inc., 780 F.2d 1223, 1225 (5th Cir. 1986). In this regard, courts have applied the business judgment rule. In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992); Matter of St. Petersburg Hotel Assoc. Ltd., 37 B.R. 341, 343 (Bankr. M.D. Fla. 1983). The business judgment rule is "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company." Integrated Resources, Inc. 147 B.R. at 656 (internal citations and quotations omitted). Courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence. Id.

12. Thus, to meet the standard outlined above, Mr. Snyder must only show that filing the attached motion for substantive consolidation is a proper exercise of his business judgment. Id. To that end, Mr. Snyder has, in fact, conducted an appropriate investigation regarding, among other key considerations, whether substantive consolidation of the Equity Bankruptcy Cases with the Debtor's bankruptcy case is in the best interests of the Rangers Equity Owners' respective bankruptcy estates. Following that investigation, Mr. Snyder believes ample good and valid business reasons exist to support moving forward with substantive consolidation. Accordingly, Mr. Snyder asks that this Court grant the instant Motion.

13. For example, substantive consolidation of the various bankruptcy estates will preserve the potentially sizeable value of certain avoidance actions that may otherwise be lost if the Court permits confirmation of the Debtor's current plan. On the eve of filing bankruptcy, TRBP incurred significant debt for which it was not otherwise obligated by agreeing to reimburse certain of HSG's financial advisors for at least $9 million in transaction costs. See Disclosure Statement at 11. These obligations were evidenced by contracts entered into between the financial institution and HSG, not the Debtor. Also on the eve of bankruptcy, TRBP signed a

Shared Charter Services Agreement with HSG, whereby TRBP became obligated to pay HSG, at a price substantially above market, for a charter aircraft lease that HSG had entered into with an entity in which Hicks has an interest and which TRBP had not previously been a party.

14. On information and belief, other transactions to insiders and other parties exist that are likely subject to avoidance by creditors of the Rangers Equity Owners, who have been harmed by such transfers but whom are otherwise unable to pursue such actions within the confines of the Debtor's current prepackaged plan. These transfers are only subject to avoidance if this Court grants the instant Motion.[1] Given the current restrictive confines of the auction process, a process Mr. Snyder believes may prohibit any competing bidders from participating, preserving these avoidance actions is perhaps the only method by which Mr. Snyder may recover additional funds for the Debtor's equity interest holders and their creditors, his constituency.

### V.     CONCLUSION AND PRAYER

15. For the reasons set forth above, Rangers Equity Owners, by and through their CRO, respectfully request that the Court grant Mr. Snyder the authority to file the attached Substantive Consolidation Motion, and grant such other and further relief to which the Rangers Equity Owners may be entitled .

---

[1] Critically, Mr. Snyder is not aware of any resulting harm to the creditors of the Debtor's estate if the Court subordinates the Lender' claims at the Debtor level that are in excess of the TRBP Guaranty Cap of $75 million. Should the Court subordinate the remainder of the Lender' claims to the general unsecured claims, equitable subordination will not only preserve the current waterfall distribution scheme and allow 100% of TRBP's current creditors to be paid in full, but it will also allow all creditors of the Rangers Equity Owners to pursue the improper and fraudulent transfers that occurred on the eve of TRBP's bankruptcy filing.

Dated: July 19, 2010

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: _/s/ Louis R. Strubeck, Jr._
    Louis R. Strubeck, Jr. (SBT 19425600)
    Michael C. Steindorf (SBT 19134800)
    Scott P. Drake (SBT 24026812)
    Gregory M. Wilkes (SBT 24047105)
    Elizabeth N. Boydston (SBT 24053684)
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

PROPOSED COUNSEL FOR
RANGERS EQUITY HOLDINGS, L.P. AND
RANGERS EQUITY HOLDINGS GP, LLC

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Motion was served upon the counsel and parties of record, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service, on the 19th day of July, 2010.

/s/ Louis R. Strubeck, Jr.
Louis R. Strubeck, Jr.

## CERTIFICATE OF CONFERENCE

I hereby certify that, on July 19, 2010, I attempted to contact counsel for the Debtor, the Lenders, and the Official Committee of Unsecured Creditors in the Texas Rangers Baseball Partners case by email correspondence and/or by phone. As of the time of the filing, we believe that the Lenders do not oppose the instant Motion. The Debtor and the Committee, however, oppose, or have yet to consent to, the requested relief.

/s/ Louis R. Strubeck, Jr.
Louis R. Strubeck, Jr.