U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**United States Bankruptcy Judge**

**Signed July 27, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| ---------------------------------------------------- | --------- | ---------x |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **TEXAS RANGERS BASEBALL PARTNERS** | : | **Case No. 10-43400(DML)** |
| | : | |
| **Debtor.** | : | |
| | : | |
| ---------------------------------------------------- | ----------------x | |

**ORDER PURSUANT TO SECTIONS 105(a), 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) AND 2016
AUTHORIZING THE EMPLOYMENT OF FORSHEY & PROSTOK LLP
AS ATTORNEYS FOR THE DEBTOR, _EFFECTIVE AS OF_ THE
COMMENCEMENT DATE**

Upon the application (the "Application"), dated June 3, 2010, of Texas Rangers

Baseball Partners, as debtor and debtor in possession (the "Debtor") in the above-captioned

chapter 11 case (the "Chapter 11 Case"), for entry of an order, pursuant to sections 105(a),

327(a), and 328(a) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment of Forshey &

Prostok LLP ("F&P") as attorneys for the Debtor, all as more fully set forth in the Application;

and upon the Declaration of Jeff Prostok, a member of F&P, filed in support of the Application

(the "Prostok Declaration"); and the Court being satisfied, based on the representations made in

the Application and the Prostok Declaration, that F&P is "disinterested" as such term is defined in

section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code,

and represents no interest adverse to the Debtor's estate with respect to the matters upon which it

is to be engaged; and consideration of the Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Application and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper

notice of the hearing to consider the relief requested therein (the "Hearing") having been provided

to: (i) the Office of the United States Trustee for the Northern District of Texas (the

"U.S.Trustee"); (ii) the Debtor's thirty largest unsecured creditors; (iii) counsel to the Purchaser;

(iv) counsel to Major League Baseball; (v) counsel to the Major League Baseball Players

Association; (vi) counsel to JPMorgan Chase Bank, N.A., as administrative agent under the First

Lien Credit Facility; (vii) counsel to GSP Finance LLC, as successor in interest to Barclays Bank

PLC, as administrative agent under the Second Lien Credit Facility; (viii) counsel to the Ad Hoc

Group of First Lien Holders; and (ix) those parties who have requested notice pursuant to

Bankruptcy Rule 2002 (collectively, the "Notice Parties"), and no further notice being necessary;

and the legal and factual bases set forth in the Application establishing just and sufficient cause to

grant the relief requested therein; and the relief granted herein being in the best interests of the

Debtor, its estate, creditors, and all parties in interest; and the Court having held the Hearing with

the appearances of interested parties noted in the record of the Hearing; and upon the entire

record and all of the proceedings before the Court, the Court hereby ORDERS that:

1.       The Application is granted to the extent set forth herein.

2.       The Application is granted *nunc pro tunc* to the date on which the Debtor

commenced its Chapter 11 Case.

3.       The Debtor is hereby authorized to employ and retain F&P as its conflicts

counsel in the Debtor's Chapter 11 Case, all as contemplated by the Application and on the terms

provided in the engagement letter.

4.       F&P shall be compensated in accordance with the procedures set forth in

sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rules, the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas

(the "Local Rules"), the guidelines established by the U.S. Trustee (the "Guidelines"), and other

orders of the Court ("Orders").

5.       The Debtor shall serve this Order within three business days of its entry on

the parties in interest identified in Local Rule 2002.1, including the Notice Parties.

6.       This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

7.       The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.


###END OF ORDER###

4